Catherine M. Coker, CPA Tax Auditor Supervisor DFA Office of Field Audit Northeast Audit District P.O. Box 3073 Jonesboro, AR 72403-3073
Dear Ms. Coker:
I am writing in response to your request for my opinion regarding application of the Arkansas Freedom of Information Act ("FOIA"), A.C.A.25-19-101 et seq, as amended by Act 1653 of 2001. You have submitted your requests pursuant to A.C.A. 25-19-105(c)(3)(B), which authorizes the custodian, requester, or subject of personnel or evaluation records to seek an opinion from the Attorney General.
Your request is closely related to one you recently submitted, which I addressed in Ark. Op. Att'y Gen. No. 2001-112. In your previous request, you reported that a Mr. Claude Graves had submitted an FOIA request seeking to inspect your entire personnel file. In your most recent request, you report that Mr. Graves has submitted a second FOIA request seeking to inspect all of your Travel Expense Reimbursement Forms ("TR-1 Forms").
Although in my original response I was unable to opine regarding specific documents, not having been supplied with your file, I did set forth the general guidelines to be followed by the custodian in determining what information from your file should be made available for inspection. I will not repeat those guidelines here. However, having obtained a blank copy of a TR-1 Form, I can be more specific in my opinion regarding the disclosability of TR-1 Forms in particular.
A completed TR-1 Form straightforwardly reports details of business travel such as mileage traveled and expenses incurred. In the enclosed Ark. Op. Att'y Gen. No. 95-151, my immediate predecessor opined that such documents constitute "personnel records" whose disclosure would not constitute a "clearly unwarranted invasion of personal privacy." A.C.A. § 25-19-105(b)(12). I fully agree with this conclusion. In reviewing a blank TR-1 Form, I was struck by the purely objective, reportorial nature of the information sought. The only item on the form that might even remotely be deemed to implicate "personal privacy" is the request for the employee's "PRIVATE VEHICLE LICENSE NO." Neither this office nor any Arkansas court has ever held that disclosing such information would violate the FOIA. Cf. Ark. Op. Att'y Gen. No. 99-016 (opining that driver's license numbers appearing on records should be redacted pursuant to the federal Driver's Privacy Protection Act (the "DPPA"),18 U.S.C. §§ 2721 et seq.).[1] I do not believe a court confronted with the question would conclude that the release of such information would amount to a "clearly unwarranted invasion of privacy." In my opinion, then, these records should be disclosed.
You characterize Mr. Graves' request as "extremely broad and unreasonable as it does not even mention a time frame and I have worked for the state for over nine years." I believe this objection is unwarranted. The FOIA does not impose on any public entity a requirement that public records be retained subject to disclosure for any particular period of time; it simply dictates that the custodian of existing public records make those records available for inspection upon request unless an exemption applies. A.C.A. § 25-19-105(a)(1).[2] In accordance with this principle, I believe the custodian must disclose all of your TR-1 Forms in his possession.
Assistant Attorney General Jack Druff prepared the foregoing, which I hereby approve.
Sincerely,
MARK PRYOR Attorney General
MP:JD/cyh
Enclosure
[1] Significantly, in cataloging undisclosable "personal information," the DPPA fails to mention vehicle license numbers. See18 U.S.C. § 2721(a)(3); Ark. Op. Att'y Gen. No. 99-343 (analyzing the scope and preemptive effect of the DPPA in relation to the FOIA).
[2] The question of how long a custodian must retain records is separately addressed in the State Records Management and Archives Act of 1995, A.C.A. §§ 13-4-101 through — 112, which applies to "the Arkansas Supreme Court, Arkansas Court of Appeals, and any state office, department, bureau, division, board, or commission, excepting institutions of higher education, created for the purpose of performing one (1) or more functions of state government." A.C.A. § 13-4-103(1). According to this legislation, the records retention policy of DFA's Office of Field Audit is set by the State Records Commission, which is statutorily obliged to adopt "retention schedules for the control, preservation, protection, retention, and disposition" of state agency records." A.C.A. § 13-4-105(c)(2). Although the State Records Management and Archives Act was repealed by Act 1252 of 2001, this repealing legislation is not yet in effect.
As you are doubtless aware, more specific legislation also requires agencies to retain "original evidences of indebtedness" to expedite audits. A.C.A. § 19-4-1108(a). Subsection (b) of the recited statute authorizes the legislative auditor to approve an agency's keeping certain types of copies. See generally, J. Watkins, The Arkansas Freedom ofInformation Act (3d ed. 1998), at 13-21 (discussing the record-retention obligations of public agencies).